IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANET CUMMINGS, individually and
on behalf of all others similarly situated                                    PLAINTIFF

v.                                  Case No. 2:14-CV-02090

BOST, INC., d/b/a Bost                                                        DEFENDANT

OPINION AND ORDER

Before the Court is Defendant Bost, Inc.'s ("Bost") motion to compel discovery (Doc. 45) and brief in support (Doc. 46), and Plaintiff Janet Cummings's response (Doc. 49).  The Court held a hearing on this matter on March 19, 2015 with counsel for each party in attendance.  For the following reasons, the Court finds that Bost's motion to compel should be GRANTED IN PART and DENIED IN PART.

I.     Background

Bost is an Arkansas non-profit corporation that provides various levels of care to disabled individuals throughout Arkansas.  From 2009 to 2012, Cummings was employed by Bost as a Residential Habilitation Aid ("RHA"), which involved providing direct daily care to Bost clients. Cummings brings this action[1] to recover, inter alia, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, for Bost's failure to pay her and others who are similarly situated for hours worked in excess of forty per week.  Specifically, Cummings claims that Bost required all RHAs to work in excess of forty hours per week, but had a policy to indiscriminately categorize RHAs as day-rate workers as opposed to hourly workers and exempt

---

[1] This action was originally brought by Cliff Parks, but Parks later voluntarily dismissed his claims against Bost and Cummings was substituted as the named plaintiff.

from the FLSA due to the "companionship exemption." Bost claims that this exemption was properly applied to any and all employees who claim they were denied overtime pay.

Bost's motion to compel asks the Court to enter an order compelling Cummings to produce complete responses to Bost's first set of interrogatories and requests for production. Specifically, Bost moves for Cummings to provide complete responses to Interrogatories 2, 3, 4, 6, 9, 11, 12, and 14, and Requests for Production 1, 2, 3, 5, 6, 7, 8, 9, 10, 16, 26, 27, and 28.[2] Bost asserts that the discovery at issue is necessary to assist in proving that Cummings was subject to the "companionship exemption" of the FLSA and in refuting Cummings's claims of hours worked. In response, Cummings contends that the discovery requests are irrelevant, overbroad, impose an undue burden, and are outside the scope of discovery. Cummings's overarching premise of her objections is that all discovery should be limited to the three year period prior to her filing a consent to join the original action, i.e., the statute of limitations period applicable to her claims.[3]

## II.   Legal Framework

Determining the scope of discovery is within the discretion of the Court. *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011). Federal Rule of Civil Procedure 26 provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). "Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in

---

[2] Request for Production 18 and Interrogatory 13 were previously discussed in the parties' correspondence related to the instant motion, but those requests are now resolved.

[3] Ordinarily, a two-year statute of limitations applies to violations of the FLSA; however, a willful violation has a three-year statute of limitations. 29 U.S.C. § 255(a). Because Cummings has alleged that any violation by Bost was willful, the Court will assume that the three-year limitations period applies and is counted from the filing of her consent to join for the purposes of discovery and ruling on the instant motion.

the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In any event, Federal Rule of Civil Procedure 26 "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

Because Bost seeks information to assist it in proving the applicability of the companionship exemption of the FLSA, it is also necessary to understand some of the contours of that exemption. The Court first notes that Bost, as the employer, bears the burden of proof to establish that any exemption to the FLSA applies. *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 882 (8th Cir. 2011). The companionship exemption excludes from the FLSA overtime requirements "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves . . . ." 29 U.S.C. § 213(a)(15). "The term 'domestic service employment' refers to services of a household nature performed by an employee in or about a *private home* (permanent or temporary) of the person by whom he or she is employed." 29 C.F.R. § 552.3 (emphasis added). To summarize, "[a]n employer is not required to pay overtime to an employee who provides companionship services to the aged or infirm in a private home." *Welding v. Bios Corp.*, 353 F.3d 1214, 1216 (10th Cir. 2004).

In seeking the discovery requests subject to the instant motion to compel, Bost is primarily concerned with determining whether its client received services in a private home, as that term is used in the regulations.[4] To show how its requests are relevant, Bost relies on the Tenth Circuit's

---

[4] The Court also notes that whether Cummings provided companionship services to Bost's client would be pivotal in determining whether the companionship exemption applies; however, neither party has addressed the issue. Regardless, the type of services Cummings provided does not need to be determined in ruling on the instant motion.

3

analysis of the private home determination in *Welding*. 353 F.3d at 1218–21. Because the Eighth Circuit has not yet addressed the companionship exemption in detail and the Tenth Circuit's analysis appears well-founded, the Court considers *Welding* persuasive in ruling on the instant motion to compel.

"The definition of a 'private home' exists along a continuum." *Id.* at 1218 (citation omitted). "At one end of the continuum is 'a traditional family home in which a single family resides,' which clearly constitutes a private home." *Id.* (citation omitted). "At the other end of the continuum is an institution primarily engaged in the care of the sick, the aged, the mentally ill, or a boarding house used for business or commercial purposes, which clearly do not constitute private homes." *Id.* (citation and internal quotations omitted). In determining whether the services were provided in a private home, "the object of evaluation is the living unit of the person receiving the services, i.e., the client." *Id.*. The court must look at each living unit on a case by case basis to determine where on the continuum each lies. *Id.* at 1218–19.

The key inquiries in determining where on the continuum a living unit lies are "who has ultimate management control of the living unit and whether the living unit is maintained primarily to facilitate the provision of assistive services." *Id.* at 1219. To answer those inquiries, the Tenth Circuit enumerated the following factors to consider: (1) whether the client lived in the living unit as his or her private home before beginning to receiving the services; (2) who owns the living unit; (3) who manages and maintains the residence; (4) whether the client would be allowed to live in the unit if not contracting with the provider for services; (5) the relative difference in the cost/value of the services provided and the total cost of maintaining the living unit (including governmental subsidies); and (6) whether the service provider uses any part of the residence for the provider's own business purposes. *Id.* at 1219–20 (quotation marks omitted).

**III.    Analysis**

As a threshold matter, the Court finds that the temporal scope of discovery should be limited to two distinct timeframes, the applicability of which depends on the types of information requested.  First, as a general matter (and unless further limited by a specific request), for discovery requests that seek personal financial or tax records, Cummings need only provide responses for the timeframe of January 1, 2011 to August 25, 2014—the date Cummings filed her consent to join the original action.  Several of Bost's requests seek either wholesale authorizations for Cummings's financial or tax records, or specific documents dating back to many years before Cummings began employment with Bost.  Bost's reasons for seeking this information is to determine Cummings's methods of payment, other potential employers, and to show what hours she worked and, potentially, her whereabouts during the hours she claims to have worked for Bost.  While the Court finds that the types of documents sought are relevant to determine damages and for Bost to defend the amount of hours allegedly worked, Bost provides no valid justification for the substantial breadth of its requests.  Accordingly, the Court finds that limiting the relevant time frame for requests for financial and tax documents to January 1, 2011 to August 25, 2014 ("2011 timeframe") will provide Bost sufficient access to information to use for its intended purposes without imposing an undue burden on Cummings.

Second, the Court finds that Bost's requests that seek more general discovery of information aimed at defending its use of the companionship exemption should be limited to the period of January 1, 2007 to August 25, 2014 ("2007 timeframe").  Currently, Bost's requests in this regard generally encompass the past fifteen years—as noted above, a period that greatly exceeds the time that Cummings was employed by Bost.  At the hearing on this matter, counsel for Bost explained that the reason for seeking information from such a broad time was geared

toward preventing problems they faced in a similar litigation with witnesses lying and an abundance of nondisclosures. But Cummings was not a party or witness in that litigation, and there has been no indication that she has presented any such problems. Furthermore, requiring disclosures for the entire requested fifteen year period would create a substantial burden on Cummings, and Bost has not provided the Court with any reason to believe the potential benefits of information encompassing the entire period would outweigh that burden. Therefore, the Court declines to grant such a broad period of discovery given Bost's purported objectives. However, whereas Bost's proposed discovery is too broad, Cummings's proposal to limit discovery to the statute of limitations period is unnecessarily rigid under the facts and circumstances of this case. Specifically, the *Welding* factor-based inquiry may consider matters beyond the dates of liability and possibly the dates of Cummings's employment with Bost, at least to a reasonable degree. Accordingly, the Court finds it appropriate to limit the relevant time frame for the more general discovery requests (i.e., those not requesting Cummings's financial and tax records) to January 1, 2007 to August 25, 2014, as information from that period should provide Bost with sufficient access to information to make its case for the applicability of the companionship exemption.

The Court will now address each discovery request or group of requests subject to the instant motion to compel in light of Cummings's specific objections and the relevant timeframes outlined above.

**1.    Interrogatory 2**

This interrogatory seeks the names and addresses for each of Cummings's employers for the past fifteen years. Bost explains that this information is needed to determine if the Bost client for whom Cummings provided services was living in Cummings's home before beginning to

receive services through Bost.  The Court agrees that this information is relevant in light of the first *Welding* factor relating to whether the client lived in a living unit before receiving services from the employee.  Specifically, because Cummings has been employed by companies providing services similar to Bost's, this information could aid Bost in determining whether Cummings's provided her Bost client with services in the same home while employed at a different company.  However, the Court also finds that the scope of this request should be temporally limited to the 2007 timeframe for the reasons described above.  Therefore, the Court finds that the motion to compel as it relates to Interrogatory 2 should be GRANTED IN PART.  Cummings is ordered to produce a response to Interrogatory 2 for the period of January 1, 2007 to August 25, 2014.

**2.      Interrogatories 3 and 4**

These interrogatories seek a list of Cummings's personal addresses for the past fifteen years, including the dates lived at each address and contact information for any cohabitants, and contact information for all of Cummings's clients while at Bost or a similar company.  Bost argues that Cummings's past living situations and, in particular, how she treated living situations with other clients are relevant to the private home determination necessary to prove that the companionship exemption applies.  Cummings's contends that information relating to other companies, including clients at those companies, is wholly irrelevant to the instant action and that the request is otherwise unnecessarily broad.  The Court finds that the inquiries related to how Cummings's treated past living situations with clients are generally relevant to the private home analysis under *Welding*.  This information will allow Bost to determine if its client had lived with Cummings's prior to her employment at Bost, and in the case of Cummings's providing care to other companies' clients, may be probative in providing a source for comparison.  However, Bost has failed to demonstrate the relevance of information on cohabitants who were not clients at Bost

or a similar company and for whom Cummings did not provide care. Bost argued at the hearing that how Cummings treated her past living situations with any individual would be relevant to her state of mind in this case. But the inquiries under *Welding* involve the service provider, the service provider's employee, and the client. Unrelated individuals and Cummings subjective beliefs are not considered under this analysis, and the Court will not require Cummings to provide information on any such individuals. Furthermore, the Court finds that this request should be limited to the 2007 timeframe, as that will provide a reasonable time beyond Cummings's dates of employment with Bost to investigate these issues as they may relate to other companies or clients. Accordingly, the Court finds that the motion to compel as it relates to Interrogatories 3 and 4 should be GRANTED IN PART. Cummings is ordered to produce a response to Interrogatories 3 and 4 for the period of January 1, 2007 to August 25, 2014, but need only produce responsive information for past cohabitants who were clients at Bost or a similar company and for whom Cummings provided care.

3.     **Interrogatory 14**

Interrogatory 14 asks for the name, address, employer, and employer's address for each individual listed in Interrogatories 3 and 4. Bost contends that this request is relevant to determine whether any of Cummings's clients had gainful employment while living with Cummings, as this may bear on the *Welding* factors—specifically the third factor asking who manages and maintains the residence. Cummings's again objects that the interrogatory covers periods outside of the time she was employed at Bost. First, the Court finds, as in regard to Interrogatories 3 and 4, that this request could only possible be relevant for Cummings and the clients to whom she provided care for on behalf of Bost or a similar company. Second, the Court does not find Cummings's clients' employment information relevant to who manages and maintains the residence, but does find it

relevant to potentially refuting the amount of hours Cummings's claims to have worked—if Cummings's client was working, then Bost may dispute that Cummings was actually providing care during those times. However, because this information is only relevant in Bost possibly refuting the extent of its potential liability, the Court finds that the request should be limited to the narrower 2011 timeframe. Therefore, the Court finds that Bost's motion to compel as it relates to Interrogatory 14 should be GRANTED IN PART. Accordingly, Cummings is ordered to produce a response to Interrogatory 14 for the period of January 1, 2011 to August 25, 2014, but need only produce responsive information for past cohabitants who were clients at Bost or a similar company and for whom Cummings provided care.

**4.      Requests for Production 1, 2, 3, 5, and 9**

These requests are for photographs of the residences listed in Interrogatory 3, as well as documents evidencing insurance agreements or claims, ownership, and rental agreements for those residences. Bost argues that photographs of the residences will show whether improvements were made to accommodate Bost's or similar companies' clients, and that the documents sought are relevant to establish the second *Welding* factor—who owns the residence. In regard to the request for photographs, the Court finds that the request—at least as limited to the 2007 timeframe described above—is relevant in that photographs may provide some factual basis to aid Bost in proving that Cummings rendered services to her Bost client in a private home, which the Court again notes is a highly fact-intensive inquiry under the *Welding* analysis. Regarding the requests for documents, the Court finds that they definitively seek relevant information that go toward the second *Welding* factor—ownership of the residence. One specific consideration in determining ownership under the second *Welding* factor includes whether a client executed a lease agreement for the living unit. *Lochiano v. Compasionate Care, LLC*, 2012 WL 4059873, at *4 (W.D. Mo.

Sept. 14, 2012); *Solis v. Firstcall Staffing Solutions, Inc.*, 2009 WL 3855702, at *3 (W.D. Mo. Nov. 18, 2009). Furthermore, insurance documents could also presumably indicate a person's ownership interest in a residence. Therefore, the Court finds that Requests for Production 1, 2, 3, 5, and 9 should be GRANTED IN PART. To the extent the requested photographs and documents are available, Cummings is ordered to produce responses to Requests for Production 1, 2, 3, 5, and 9 for the period of January 1, 2007 to August 25, 2014.

**5.    Request for Production 10**

This request seeks an itemized list of all personal belongings of the clients kept by Cummings at any of the residences listed in Interrogatories 3 and 4. Cummings has indicated that she has no such itemized list and her counsel confirmed such at the hearing. Therefore, the Court finds that Bost's motion to compel as it relates to Request for Production 10 should be DENIED.

**6.    Request for Production 6**

This request seeks photographs of the living spaces utilized by Bost clients for whom Cummings was a caregiver from 2011 to present. As the request is already tailored to the timeframes for discoverable information set out by the Court, and because the Court otherwise finds the photographs relevant to the private home determination for the reasons discussed in relation to Requests for Production 1, 2, 3, 5, and 9, the motion to compel as it relates to Request for Production 6 should be GRANTED.

**7.    Request for Production 7**

This request seeks copies of pay records for all of Cummings's sources of income from 2003 to present, including all tax returns, pay stubs, 1099s, and W-2s. Bost asserts that it needs these documents to refute the hours Cummings's purports to have worked and potentially discover the existence of her other employers. While Cummings objected to a separate request (Request

10

for Production 26) on the basis that her tax information was privileged, her objection here is primarily to the broad scope of the request. She has also already produced copies of her tax returns for the years 2010, 2011, and 2012. While "[f]ederal courts generally resist discovery of tax returns[,]" *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d. 995, 996 (D. Minn. 2008), tax information is not absolutely privileged.[5] Rather, courts generally seek to limit the unnecessary disclosure of tax returns to further a policy of encouraging complete and accurate returns. *See, e.g., Schoenbaum v. E.I. Dupont de Nemours and Co.*, 2009 WL 249099, *1 (E.D. Mo. Feb. 2, 2009) (citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975)). Considering Bost's stated goals, the Court finds that the information requested would be relevant to determine the hours Cummings purports to have worked and to determine if she was receiving income from other sources while she claims to have been working for Bost. But under the facts and circumstances of this case, the relevance of each of the types of documents sought in this request is limited to the timeframe that Bost may actually be liable for unpaid overtime wages. Furthermore, although none of these documents are subject to an absolute privilege, the Court finds they warrant protection from unnecessary disclosure as each may contain sensitive financial matters. Therefore, the Court chooses in its discretion to limit the discoverability of these financial and tax records to the 2011 timeframe outlined above. Accordingly, the Court finds that Bost's motion to compel as it relates to Request for Production 7 should be GRANTED IN PART. Cummings is ordered to

---

[5] A "judicially developed qualified privilege" has developed in some courts, including district courts within the Eight Circuit. *PSK, L.L.C. v. Hicklin*, 2010 WL 2710507, *1 (N.D. Iowa July 8, 2010) (quoting *Terwilliger v. York Intern. Corp.*, 176 F.R.D. 214, 216–217 (W.D. Va. 1997)). This requires satisfying a two-prong test that shows (1) the requested tax information is relevant and (2) that there is a compelling need. *Ceridian Corp.*, 610 F. Supp. 2d.at 996–97; *see also Hicklin*, 2010 WL 2710507, *2. The Eighth Circuit, however, has never expressly required this heightened showing.

produce a response to Request for Production 7 for the period of January 1, 2011 to August 25, 2014.

**8.     Request for Production 8**

This request seeks all bank records, checkbook registers, and other accounting records evidencing monetary expenditures from April 2011 to present. Bost argues that these documents are relevant to the third *Welding* factor—management and maintenance of the residence. On its face, however, this request encompasses nearly every financial record Cummings may have and is not specifically tailored to financial records related to any specific residences. To the extent Bost seeks information relevant to the third *Welding* factor, the Court finds that Interrogatory 11 and Request for Production 16 (discussed below) adequately cover that inquiry. Furthermore, Cummings has already indicated that she provided a financial institution authorization for her bank for the period of time that she worked at Bost. That authorization will cover any bank records the Court would compel under this request. For those reasons, the Court finds that the motion to compel as it relates to Request for Production 8 should be DENIED.

**9.     Interrogatory 6**

This request seeks the name and address for the legal guardian of every client of Bost or a similar company for whom Cummings provided direct care services during the past ten years. Bost argues that this information is relevant to the fourth *Welding* factor—whether the client would be able to live in a certain unit if not receiving services from the provider. As stated above in relation to Interrogatories 3 and 4, the Court finds that this request is relevant as it may bear upon how Cummings has treated situations with past clients, and also may reveal more about Cummings's relationship with the guardian of Bost's client before Bost began providing services. However, the Court finds that this request should similarly be limited to the 2007 time frame outlined above.

Therefore, the Court finds that the motion to compel as it relates to Interrogatory 6 should be GRANTED IN PART. Cummings is ordered to produce a response to Interrogatory 6 for the period of January 1, 2007 to August 25, 2014.

**10.    Interrogatory 9**

This interrogatory asks Cummings to identify each calendar week for which she is claiming entitlement to damages for unpaid overtime while at Bost, and details on the location, tasks, and number of hours worked for each week. Bost contends that this information is needed because Cummings's is seeking payment for hours above what she included on the original timesheets she submitted to Bost. The Court finds this relevant to determining the exact amount of damages Cummings is seeking and allowing Bost to refute those claims. If Cummings is claiming that there are omissions or discrepancies in the time sheets she submitted, then Bost is entitled to know exactly what is being challenged. Therefore, the Court finds the motion to compel as it relates to Interrogatory 9 should be GRANTED.

**11.    Interrogatory 11**

This interrogatory asks Cummings to identify the person responsible for paying living expenses at her home address, including any expenses associated with supporting any residents living at the addresses referenced in Interrogatories 3 and 4. Bost argues that this information is relevant to the third *Welding* factor—management and maintenance of the residence. This factor asks "who provides the essential things that clients need to live there, such as paying the mortgage or rent, paying for gas, electricity, and water, providing clean linens and clothes, and providing food?" *Welding*, 353 F.3d at 1219. Because Interrogatory 11 seeks to determine the person responsible for those types of expenses in this case, the Court finds that the requested information is relevant; however, for the reasons outline above, the request should be limited to the 2007

timeframe. Therefore, the Court finds that Bost's motion to compel as it relates to Interrogatory 11 should be GRANTED IN PART. Cummings is ordered to provide a response to Interrogatory 11 for the period of January 1, 2007 to August 25, 2014.

**12.     Request for Production 16**

This request seeks documents evidencing the payment of expenses in Interrogatory 11 from April 2011 to present. Specifically, Bost seeks records showing the payments for utility bills, mortgages and rent, home repairs, clothing for Bost clients, and household goods to determine who is responsible for the management and maintenance of the residence under the third *Welding* factor. Because this request seeks information within the spectrum of items properly considered under the third *Welding* factor, *id.* at 1219, and because it is already limited to the 2011 timeframe for discoverable financial records set forth by the Court above, the Court finds that the motion to compel as it relates to Request for Production 16 should be GRANTED.

**13.     Interrogatory 12**

This interrogatory asks whether any of Cummings's residences since 2011 have been used for any business purposes, and to identify such if so. Bost asserts that this interrogatory goes directly to the sixth *Welding* factor—whether the service provider used any part of the residence for business purposes. The Court agrees with Bost and finds that the motion to compel as it relates to Interrogatory 12 should be GRANTED.

**14.     Request for Production 26**

This request asks Cummings to execute an employment authorization, financial institution authorization, Facebook information authorization, and tax information release.[6] First, regarding

---

[6] This request originally included a medical authorization request, but counsel for each party confirmed at the hearing that this request had been withdrawn.

the request for an employment authorization, Bost argues that this request is relevant to discovering whether Cummings was employed elsewhere while at Bost and in determining damages. However, an employment authorization would give Bost access to all of Cummings's previous employment files, including those related to Cummings's personal matters for which Bost has provided no basis for obtaining. Moreover, to the extent that information from Cummings's past employment is relevant, the Court believes that it has already been covered by other interrogatories and requests for production, such as Interrogatory 2 and Request for Production 7. Therefore, the Court finds that Request for Production 26 as it relates to a request for an employment authorization should be DENIED.

Second, regarding the financial institution authorization, Cummings and her counsel have indicated that a financial institution authorization was executed for the time period Cummings was employed by Bost. Furthermore, for the reasons discussed in relation to Request for Production 7, the Court would limit any financial institution authorization to the 2011 timeframe above. Because it appears that has already been fulfilled, the Court finds that the motion to compel as it relates to a request for any further financial institution authorization should be DENIED.

Third, regarding the request for a tax information release, Bost argues that the request is relevant to determine Cummings's income and the existence of any other employers. Bost expressed the same reasons for requesting various tax documents in relation to Request for Production 7. However, the Court is already partially compelling the production of the tax records requested in Request for Production 7. Furthermore, Bost has provided no indication that a tax information release will provide any further relevant information not already covered by its discovery requests. Therefore, because the Court seeks to limit the unnecessary disclosure of tax

documents for the reasons discussed in regard to Request for Production 7, it finds that the motion to compel as it relates to the request for a tax information release should be DENIED.

Finally, regarding the request for a Facebook information authorization, Bost argues that Cummings may have information regarding other employers or activities contained in her Facebook profile. The Court finds this request to be rooted in pure speculation and Bost has failed to demonstrate its relevance. "Courts have long held that while the standard of relevancy in discovery is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) (citations and internal quotations omitted). Furthermore, granting this request would allow a substantial intrusion into Cummings's privacy for which Bost has failed to provide a sufficient justification. Therefore, the Court finds that the motion to compel as it relates to the request for a Facebook information authorization should be DENIED.

**15.    Request for Production 27**

This request seeks any other documentation evidencing monthly income received by Cummings or any person with whom she has resided for the past fifteen years. Bost claims that this request is relevant to determining if Cummings had any other sources of income and whether she worked the hours she claims. As for the request for documentation of income for individuals residing with Cummings, Bost explains that the request is to determine whether any Bost client residing with Cummings was employed. First, to the extent the request seeks documents relating to individuals other than Cummings, for the reasons explained in regard to Interrogatories 3 and 4 the Court finds that the request should be limited to individuals who were clients at Bost or a similar company and for whom Cummings provided care. Second, for the reasons discussed in

regard to Request for Production 7 and Interrogatory 14, the Court finds this information relevant. However, as the request involves financial records and is most relevant to disputing hours Cummings claims to have worked, the request should be limited to the 2011 timeframe. Accordingly, the Court finds that the motion to compel as it relates to Request for Production 27 should be GRANTED IN PART. Cummings is ordered to respond to Request for Production 27 for the period of January 1, 2011 to August 25, 2014, and, to the extent they are in her possession, Cummings need only produce responsive documents for other individuals who were clients at Bost or a similar company and for whom she provided care.

**16.    Request for Production 28**

This request seeks documents in Cummings's possession related to investigations of her performed by the Adult Protective Services or any other entity from 2007 to present. In the parties' correspondence, Bost amended its request to only encompass Cummings's proposed three year time frame. Because Bost has limited the scope of the request to three year time period Cummings's proposed, and because the Court finds that the documents from any such investigations could bear upon Cummings's living situations with clients, the Court finds that the motion to compel as it relates to Request for Production 28 should be GRANTED IN PART limited to 2011 time frame. Cummings is ordered to respond to Request for Production 28 for the period of January 1, 2011 to August 25, 2014.

**IV.    Costs and Fees**

Generally, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order

payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). While the Court has largely granted Bost's motion to compel, it has also imposed many limitations to the scope of discovery. For that reason, the Court finds that Cummings was substantially justified in producing partial responses and objections, and that ordering her to pay expenses and attorney's fees for this motion would be unjust under Rule 37(a)(5)(A)(ii) and (iii). Therefore, to the extent the motion to compel seeks an order requiring Cummings to pay Bost's expenses and attorney's fees, the Court finds that request should be DENIED.

## V.   Conclusion

IT IS THEREFORE ORDERED that Bost's motion to compel is GRANTED IN PART and DENIED IN PART. The motion is GRANTED IN PART insofar as Cummings is ordered to: (1) produce complete responses to Interrogatories 9 and 12, and Requests for Production 6 and 16; (2) produce responses to Interrogatories 2, 3, 4, 6, 11, and Requests for Production 1, 2, 3, 5, and 9 for the period of January 1, 2007 to August 25, 2014; and (3) produce responses to Interrogatory 14 and Requests for Production 7, 27, and 28 for the period of January 1, 2011 to August 25, 2014. Furthermore, to the extent Interrogatories 3, 4, and 14 and Request for Production 27 require responses involving Cummings's past cohabitants, Cummings need only produce responses relating to those individuals who were clients at Bost or a similar company and for whom she provided care.

At the hearing on this matter, counsel for each party agreed that a protective order would be necessary if sensitive documents were ordered to be disclosed. Therefore, IT IS FURTHER

ORDERED that the parties are to submit a proposed protective order by April 6, 2015. To the extent the Court has ordered a response to Bost's discovery requests, Cummings is ordered to respond April 9, 2015.

IT IS FURTHER ORDERED that the motion is DENIED insofar as it requests responses to Requests for Production 8, 10, and 26.

IT IS FURTHER ORDERED that the motion is DENIED to the extent it requests that Cummings be ordered to pay reasonable expenses and attorney's fees.

IT IS SO ORDERED this 31st day of March, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE